UNITED STATES DISTRICT COURT MIDDLE DISTRICT PENNSYLVANIA

ANTONIO J. BLACKSTONE
PLAINTIFF

v.

DAUPHIN COUNTY PRISON
JOHN/JANE DOE WARDEN
ET. AL. DEFENDENTS

FILED
HARRISBURG, PA
OCT 15 2025
PER _____
DEPUTY CLERK

THE PLAINTIFF, ANTONIO J. BLACKSTONE, BRINGS THIS ACTION PURSUANT TO 42 U.S.C § 1983, ALLEGING VIOLATIONS OF HIS RIGHTS UNDER THE UNIFORM CRIMINAL EXTRADITION ACT., ADOPTED IN PENNSYLVANIA, (see) 42 PA.CONST. STAT. § 9121. THE FEDERAL EXTRADITION ACT; 18 U.S.C³(3) 3182, AND THE FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## STATEMENTS OF FACTS

ON JULY 25, 2025, BLACKSTONE WAS ARRESTED BY THE HARRISBURG POLICE FOR VIOLATION OF A CITY ORDINANCE, AND FALSE IDENTIFICATION; UPON BLACKSTONES ARREST IT WAS FOUND THAT HE HAD A FUGITIVE ARREST WARRANT FOR HIM, FROM GUILFORD COUNTY, GREENSBORO NORTH CAROLINA, FOR BEING IN VIOLATION OF HIS PROBATION,

JULY 25, 2025, BLACKSTONE WAS BEFORE MAGISTRATE JUDGE, HONORABLE ~~MARAM~~ CANSDALE, DAUPHIN COUNTY, AT THE DAUPHIN COUNTY PRISON BOOKING OFFICE, WHERE BLACKSTONE WAS ADVISED OF HIS RIGHT TO COUNSEL, OF THE GROUNDS OF HIS EXTRADITION DEMAND, AND OF HIS RIGHT TO CONTEST THE LEGALITY OF HIS EXTRADITION, 42 PA. CONST. STAT. §9131, IF BLACKSTONE ELECTED TO CHALLENGE THE EXTRADITION, A JUDGE SHALL FIX A REASONABLE TIME WITHIN WHICH BLACKSTONE MAY APPLY FOR A WRIT OF HABEAS CORPUS. §9124, 9128, 9132 BAIL WAS SET ON BLACKSTONES FUGITIVE CHARGE 50,000

ON 8-13-2025, BLACKSTONE WAS BEFORE MAGISTRATE JUDGE PIANKA, (HONORABLE), DAUPHIN COUNTY WHERE BLACKSTONE RECIEVED TIME SERVED FOR THE VIOLATION OF THE CITY ORDINANCE AND ALSO ~~FALSE~~ IDENTIFICATION OFFENSES.

ON OR ABOUT 8-17-2025, BLACKSTONE WAS IN CORROSPONDENSE WITH THE DAUPHIN COUNTY COMMONWEALTH COMMON PLEAS COURTS IN REGARDS TO THE FUGITIVE CHARGES (DETAINER), STATING THAT HE (BLACKSTONE) HAD BEEN ARRESTED UNDER THE FUGITIVE CHARGE FROM 7-25-2025, AND THAT UP UNTO THE DATE OF THAT SPECIFIC CORRESPONDENSE HE HAD NOT BEEN ISSUED COUNSEL AS HE REQUESTED, OR AN ARRAIGNMENT, AND ON 8-24-2025, BLACKSTONE WOULD HAVE BEEN UNDER THE FUGITIVE CHARGES FOR 30 DAYS, BLACKSTONE WAS PLACING THE DAUPHIN COUNTY COMMON PLEAS COURTS ON NOTICE THAT HE WAS REQUESTING COUNSEL, CHALLENGING HIS EXTRADITION, AND REQUESTING A WRIT OF HABEAS CORPUS.

ON 8-24-2025, AND 8-26-2025 BLACKSTONE, ON EACH DATE SEPERATELY CORRESPONDED WITH THE DAUPHIN COUNTY COMMON PLEAS COURTS REITERATING AND RE-ENFORCING THE SAME CONCERNS AND REQUEST AS HE (BLACKSTONE) DID IN THE CORRESPONDENSE ON

OR ABOUT 8-17-2025.

BLACKSTONE AVERS THAT THE CORRESPONDENCE HE MAILED TO THE COMMONWEALTH COMMON PLEAS COURT (DAUPHIN COUNTY), BLACKSTONE ASSERTED THAT HE HAD BEEN DETAINED ON THE FUGITIVE CHARGE LONGER THAN 30 DAYS WITHOUT A EXTENSION BEING GRANTED OR REQUESTED BY WAY OF A HEARING, AND BLACKSTONE, PURSUANT TO 18 U.S.C § 3182 (1976) IF NO AGENT APPEARS WITHIN 30 DAYS FROM THE TIME OF ARREST, THE FUGITIVE MAY BE DISCHARGED, PLACED THE COMMON PLEAS COURTS ON NOTICE THAT HE WAS INVOKING HIS RIGHTS UNDER U.S.C 3182, WRIT OF HABEAS CORPUS TO BE DISCHARGED AND COUN SEC TO REPRESENT HIM IN THESE MATTERS, AS HE HAS THE RIGHT TO COUNSEL AND A RIGHT TO A HEARING 191.1 - 191.16 (1966) (see) COMM v McCANE 218 Pa. SUPER 274 A.2d 867 (1971)

UNDER THE PENNSYLVANIA VERSION OF THE UNIFORM EXTRADITION ACT HE HAD THE RIGHT TO TEST THE REQUISITION PAPERS 42 PA. CONST. STAT. 9124, 9128, 9131, AND 9132.

PRIOR TO BLACKSTONE BEING EXTRADITED AGAINST HIS CONSTITUTIONAL (FEDERAL) AND (STATE) LIBERTIES, HE PLACED HIS COUNSELOR JOHN (B-BLOCK), HIS SUPERVISOR, MARY, AND HER SUPERVISOR, KERRY ON NOTICE THAT HE (BLACKSTONE) HAD BEEN UNDER THE EXTRADITION DETAINER, WITHOUT HAVING COUNSEL, WITHOUT HAVING A HEARING PURSUANT TO U.S.C § 3182, AND 42 PA. CONST. STAT. 9121, BLACKSTONE ALSO PLACED THE THREE OF THEM ON NOTICE THAT HE WOULD BE UNDER THE FUGITIVE DETAINER FOR MORE THAN 30 DAYS AND THAT BLACKS TONE FILED FOR A WRIT OF HABEAS CORPUS AND COUN SEL WITH THE DAUPHIN COUNTY COMMON PLEAS COURTS.

Blackstone, placed the following info on a DC 141 request form placing staff on notice in regards to his court actions. John LB-Block Counselor, a few days afterwards returned to Blackstone with a sticky note to him (John) from Mary & Kerry, it stated John tell Blackstone that he should contact records about whats going on with his extradition. Blackstone verbally informed John, to inform Mary, Kerry, and Records that, Blackstone has a writ of habeas corpus request with the Common Pleas Courts, that records does not play a part in his extradition proceedings. The following day John informed Blackstone that he had delivered Blackstones message to those partys.

Blackstone placed, records officer Jane Doe, Mary, John, and Kerry on notice in regards to his rights to a hearing, rights to counsel, a writ to habeas corpus, and that he presently had requested to be heard in regards to those rights and he's awaiting a reply.

Blackstone avers that the defendents were personally involved in permitting his ICE-GAC extradition. Blackstone asserts claims under Article IV, Section 2, Clause 2 of the United States Constitution implemented by 18 U.S.C § 3182 (the Federal Extradition Statute), under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and under the Pennsylvania Extradition Act.

Defendents were involved in the deprivation of the violations mentioned herein by virtue of their actions or by virtue of their inactions taken in their individual capacities.

ON 8-28-2025, BLACKSTONE WAS TOLD THAT HE NEEDED TO PACK HIS BELONGINGS THAT HE WAS BEING EXTRADITED. THE TIME WAS 5:30 AM - 6:00 AM. BLACKSTONE REFUSED TO TAKE OFF HIS DAUPHIN COUNTY ISSUE (PRISON CLOTHS). BLACKSTONE INFORMED THE OFFICER THAT HE HAD NOT SPOKEN WITH A ATTORNEY AND HE HAS NOT HAD A EXTRADITION HEARING. THIS OFFICER WORKED WHERE INMATES ARE PROCESSED IN OR PROCESSED OUT, HE SAT BEHIND THE ONLY DESK IN THE ROOM. AS DAUPHIN COUNTY PRISON EMPLOYEES BEGUN TO ARRIVE BLACKSTONE HAD BEEN PLACED IN A HOLDING CAGE LOCATED IN THE MAIN HALLWAY, HAVING A CLEAR VIEW OF EVERY EMPLOYEE THAT HAD ENTERED THE HALLWAY SLIDING DOORS. BLACKSTONE BELIEVES THE TIME WAS ABOUT 7:30 AM 7:45 AM 8-28-2025, AS A ADMINISTRATIVE OFFICER THAT BLACKSTONE IS FAMILIAR WITH NAMED JILL, BLACKSTONE REQUESTED HER ASSISTANCE. BLACKSTONE EXPLAINED TO JILL EVERYTHING ENCLOSED HEREIN, AND REQUESTED AN ATTORNEY BE CONTACTED OR A MAGISTRATE JUDGE TO HALT THE EXTRADITION. CAPTAIN MANNY ROSE COMES TO THE MATTER, BLACKSTONE AGAIN EXPLAINS IN DETAIL WHAT IS EXPLAINED HEREIN. BLACKSTONE HANDS JILL A PAPER WITH THE EXTRADITION FEDERAL STATUES U.S.C 3182 AND 42 PA CONST. STAT. 9121, 9124, 9128, 9131, AND 9132.

BLACKSTONE EXPLAINED THAT HE HAD NOT BEEN AFFORDED ANY OF THESE WHICH WAS A VIOLATION TO HIS FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S CONSTITUTION.

PROCEDURES FOR CARRYING OUT THE FEDERA EXTRADITION ACT, 18 U.S.C § 3182, ARE GOVERNED IN PENNSYLVANIA UNIFORM CRIMINAL EXTRADITION ACT, CODIFIED AT 42 Pa. CONS. STAT ANN §§ 9121 - 9144 THE Pa UCEA PROVIDES FOR BOTH FORMAL AND INFORMAL WAIVER OF

RIGHT TO SUCH PROCEEDINGS 42 Pa. STAT. ANN § 9146, THE Pa UCEA PROVIDES FOR FORMAL EXTRADITION PROCEEDINGS 42 Pa. CONS. STAT. ANN § 9126-9131

JILL AND CAPTAIN MANNY ROSE RETURNED FROM MAKING A FEW PHONE CALLS AND THE RECORDS OFFICER JANE DOE, JILL, ROSE, AND RECORDS JANE DOE TOLD BLACKSTONE THAT THEY RECIEVED A DOCUMENT AT 5:00 AM FROM NORTH CAROLINA, WHICH BLACKSTONE BELIEVES HAD TO BE FORWARDED TO THE COMMONWEALTH COMMON PLEAS COURTS (DAUPHIN COUNTY) THE FORM WAS NOT EXAMINED WHERE BLACKSTONE HAS THE RIGHT TO TEST THE REQUISITION PAPERS. BLACKSTONE AVERS THAT JOHN DOE/JANE DOE ADA RECIEVED THE DOCUMENT AND ADVISED, JANE DOE RECORDS OFFICER, JILL, CAPTAIN MANNY ROSE TO HAND BLACKSTONE OVER TO NORTH CAROLINA EXTRADITION OFFICERS. (See) BROOKS v DEITZ CIVIL ACTION 1:12-CV-2045 (M.D. Pa. MAY 14 2023). BLACKSTONE PLACED ROSE, JILL, JANE/JOHN DOE 'ADA', AND JANE DOE RECORDS OF HIS WRIT OF HABEAS CORPUS AND HIS RIGHTS. U.S.C § 3182, 42 Pa. CONST. STAT. 9121 - 9132

BLACKSTONE DID NOT WAIVE HIS RIGHTS PURSUANT TO U.S.C § 3182, BLACKSTONE SERVED 34-35 DAYS PRIOR TO HIS UNLAWFUL EXTRADITION WITHOUT HAVING BEEN AFFORDED COUNSEL OR ANY EXTRADITION PROCEEDINGS.

BLACKSTONE HAD A RIGHT UNDER THE SPEEDY TRIAL PROVISIONS OF THE SIXTH AMENDMENT UNITED STATES v MARION 404 U.S. 307, 320, 92 S. Ct 455, 463, 30 L.Ed 2d 867 (1971). BLACKSTONE AVERS THAT FAILURE TO COMPLY WITH THE PROVISIONS OF THE UNIFORM CRIMINAL EXTRADITION ACT. 191.10, 191.15, 191.17 (1964), ENERGIZED THE STATUTORILY PROVIDED REMEDY OF HABEAS CORPUS. (See) BD OF THE CITY COMMRS v BROWN 520 U.S. 397, 403 (1997).

BLACKSTONE ALLEGES HE SUFFERED DEPRIVATION OF FEDERALLY PROTECTED RIGHTS UNDER THE COLOR OF STATE LAW 28 U.S.C § 1343 (a)-(3).

BLACKSTONE AVERS THAT IT IS A 3RD DEGREE MISDEMEANOR FOR AN OFFICER TO DELIVER AN ALLEGED FUGITIVE TO THE DEMANDING STATE IN WILLFULL DISOBEDIENCE OF THAT RIGHT. (See) 42 Pa. CONST. STAT. 9131, (See) EX rel DARCY V SUPERINTENDENT OF COUNTY PRISONS OF PHILADELPHIA 111 F.2d 409, 411 (3d. Cir 1940)

IN YOUNG V NICKOLS 413 F.3d 416 (4TH Cir 2005). THE COURT HELD THAT ARREST AND TRANSPORTATION OF FUGITIVES WITHOUT EXTRADITION PROCEEDINGS IS A COGNIZABLE CLAIM UNDER §1983. (see) ROBERTS V REILLY 116 U.S. 80 6 S. Ct. 291, 29 L.Ed. 544 (1885) ALSO MICHIGAN V DORAN 439 U.S. 282 99 S.Ct. 530. 58 L.Ed 2d. 521 (1978).

BLACKSTONE AVERS THAT JOHN DOE / JANE DOE WARDEN, JOHN DOE / JANE DOE ASSISTANT WARDEN, JILL, MANNY ROSE, JANE/JOHN DOE ADA, JANE DOE RECORDS WERE ALL PERSONALLY INVOLVED IN PERMITTING THE UNLAWFUL EXTRADITION OF BLACKSTONE, BY THE VIRTUE OF THEIR ACTIONS TAKEN OR THE VIRTUE OF THEIR INACTIONS TAKEN IN THEIR INDIVIDUAL CAPACITIES. (see) DARCY ex rel DARCY V SUPERINTENDENT OF COUNTY PRISONS OF PHILADELPHIA 111 F.2d 409, 411 (3d Cir.1940).

BLACKSTONE WAS SUBJECTED TO FORCIBLE EXTRADITION. (SEE) BROWN V NUTSCH, 619 F.2d, 764 n-8 (8TH Cir.1980) (characterizing U.C.E.A RIGHTS AS DERIVED FROM FEDERAL LAW AND RECOGNIZING §1983 CAUSE OF ACTION for VIOLATION OF STATE AND FEDERAL LAW EXTRADITION PROCEDURES WIRTH V SURLES 562 F.2d 319(4TH CIR.1977) SANDERS V CONINE 506 F.2d 530 (10TH CIR. 1974) (MORRISON V STEPANSKI 839 F. SUPP. 1130 (M.D. Pa. 1993) NOMINAL AND (SEE) ALAH V AL-HAFEEZ 226 F.3d 247, 250 (3d Cir. 200_

BLACKSTONE IS SEEKING PUNITIVE DAMAGES, MONETARY DAMAGES, DAMAGES AGAINST EACH DEFENDENT UNOFFICIALLY, IN THEIR INDIVIDUAL COMPASITY, AND IN THEIR SURETY BONDS IN THE HIGHEST MONETARY AMOUNTS APPLICABLE.

RESPECTFULLY SUBMITTED *Antonio J. Blackstone* DATE

ANTONIO J BLACKSTONE #996186
GUILFORD COUNTY DETENTION
GREENSBORO. 201 S EDGEWORTH ST
GREENSBORO, NC. 27401
P.O. Box 18247  # 5082

RECEIVED
HARRISBURG, PA
OCT 15 2025
PER_____ DEPUTY CLERK

SYLVIA H RAMBO FEDERAL COURT HOUSE
MIDDLE DISTRICT COURT
1501 N 6TH ST.
HARRISBURG, PA. 17110

"LEGAL MAIL DO NOT BREACH OUTSIDE OF INMATE PRESENCE!"

"BREACHING OUTSIDE OF INMATE IS A FEDERAL CRIME"
PRESENSE!