# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO BLACKSTONE,<br><br>Plaintiff,<br><br>v.<br><br>MANNY ROSE, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:25-cv-01944<br><br>(SAPORITO, J.) |

## ORDER

Plaintiff Antonio Blackstone was ordered to show cause why this case should not be dismissed for his failure to prosecute it. He has not responded to that order, and filings mailed to his listed address have been returned undeliverable. Accordingly, the case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

The Court may dismiss an action if the plaintiff fails to prosecute a case or comply with a court order. Fed. R. Civ. P. 41(b). Dismissal is "reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). In determining whether to dismiss a case for failure to prosecute, the Court considers the following

factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet the scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. "The court should consider all six factors but need not find all six to award sanctions." *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021).

The first *Poulis* factor supports dismissal because Blackstone is proceeding without a lawyer, and therefore he alone is responsible for prosecuting this case. Second, defendants have been prejudiced by Blackstone's "lack of cooperation" in discovery, in that they have already expended resources to file a motion to compel, among other measures.[1] *See Poulis*, 747 F.2d at 868.

The third factor, Blackstone's history of delay, supports dismissal. Despite numerous, unspecified objections to defendants' discovery

[1] It is undisputed that Blackstone declined to answer a variety of questions at his deposition despite a telephonic conference with the Court to address this issue, and that he provided incomplete responses to written discovery. *See* (Docs. 41, 41-3, 41-4).

requests, he did not respond to defendants' motion to compel or to the Court's order to show cause. Mailings sent to his listed address (Pender Correctional Institution in Burgaw, North Carolina) have been returned undeliverable with the notation that he was released on August 31, 2026. *See* (Docs. 45, 47). Thus, the fourth factor, the willfulness of Blackstone's conduct, supports dismissal; he appears to have simply abandoned the case after being released from prison.

The fifth factor is the availability of sanctions alternative to dismissal. In matters involving *pro se* litigants who proceed *in forma pauperis*, as Blackstone does here, the Third Circuit has found that monetary sanctions "would not be an effective alternative." *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Because the Court is not in contact with Blackstone, it is unclear how any other sanction would be effective.

The final factor is the merit of Blackstone's claims, based on the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Poulis*, 747 F.2d at 869-70. Blackstone's allegations were sufficient to state a claim, which weighs against dismissal. However, given Blackstone's failure to respond to a motion and a court order and

maintain an updated address, it appears that he is no longer prosecuting this case.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. This case is **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. Defendants' motion to compel (Doc. 41) is **DENIED** as moot.

3. The Clerk is **DIRECTED** to close the case.

Dated: November 3, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge